IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HUBERT A. ALLEN, JR. d/b/a
Hubert Allen and Associates,

    Plaintiff,

v.                                                           Civ. No. 11-1061 GBW/KBM

BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Defendant's Motion"). *Doc. 6.* Defendant contends that this Court lacks subject matter jurisdiction based either on diversity of citizenship or federal question jurisdiction. The matter having been fully briefed and the Court being fully advised, Defendant's Motion will be granted.

*Background*

Plaintiff filed suit in this Court seeking "a judicial review by United States District Court, District of New Mexico, per the Administrative final decision by defendant to reject the plaintiff's responsive offer" to a procurement request. *Doc. 1* ¶ 1. As the crux of his Complaint, Plaintiff contends that his company "is a small business and defendant ignored New Mexico State Procurement Ordinance, Article 1 Procurement Section 13-1-184 . . . when it rejected plaintiff's bid and awarded it to an

out-of-state multimillion dollar corporation third party." *See id.* ¶ 5. As relief, he asks the Court to reverse the rejection of his bid, to reject the scoring of his bid, and to accept a different, higher score of Plaintiff's bid. *Id.* ¶¶ 22-24. Plaintiff's Complaint sets forth an improper basis for jurisdiction. *See doc. 1* at 2. Specifically, Plaintiff's Complaint proffers a state statute as the basis for jurisdiction.[1] *Id.*

## *Analysis*

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Where a party believes the Court lacks subject matter jurisdiction, he may move to dismiss. *See* Fed. R. Civ. P. 12(b)(1). Where a motion to dismiss for lack of subject matter jurisdiction "merely challenges the sufficiency of the complaint, . . . the district court [must] accept the allegations in the complaint as true." *Paper, Allied-Industrial, Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

---

[1] Ordinarily, the Court need look no further than this point – as Plaintiff identifies no statutory basis for jurisdiction in his Complaint – to dismiss the matter. However, as a *pro se* litigant, Plaintiff is entitled to a liberal reading of his filings. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (noting entitlement to liberal reading but continued requirement of adherence to rules). Thus, I have considered whether diversity jurisdiction or federal question jurisdiction are applicable.

*Diversity Jurisdiction*

Federal courts may have jurisdiction where parties are citizens of different states and the amount in controversy exceeds $75,000.  *See generally* 28 U.S.C. § 1332.  "When jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332(a), . . . each plaintiff must be diverse from each defendant to have what is known as complete diversity."  *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

In the instant action, Defendant is the Board of Regents of the University of New Mexico.  *See generally doc. 1*.  Plaintiff does not state his citizenship in the Complaint; however, he does not dispute Defendant's assertion in its motion that the address on the Complaint's cover sheet and beneath Plaintiff's signature on the Complaint establish that "Plaintiff and his business are citizens of New Mexico."  *See doc. 6* at 1 (citing *doc. 1* at 1, 6).  Nor does Plaintiff offer any reason to doubt that the Board of Regents of the University of New Mexico is a citizen of New Mexico as well.  As such, even if the Court treats as true Plaintiff's response that "rejection of the bid was intentionally flawed and part of a scheme to deliver RFP 1455-11 funds to an out-of-state corporation (Maryland) and its sub-contractor (Chicago)[,]" (*doc. 8* ¶ 4), there would not be complete diversity.  Therefore, section 1332 cannot be relied upon as a basis for jurisdiction.

### *Federal Question Jurisdiction*

Defendant contends that, because Plaintiff sues based on alleged non-compliance with state regulations, there is not a federal question present. *Doc. 6* at 2. Plaintiff counters that there is a federal question because the disputed procurement involves federal funds and because New Mexico regulations require compliance with federal law. *Doc. 8* ¶¶ 2-3. Plaintiff's position fails on two bases: (1) his Complaint does not invoke federal question jurisdiction; and (2) even if his Complaint contained the arguments presented in his Response, his claim is not based federal law.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 . . . , a federal question must appear on the face of the plaintiff's complaint . . . ." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011). "[T]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165-66 (10th Cir. 1999).

Plaintiff's Complaint is replete with references to various New Mexico statutes and ordinances. *See, e.g., doc. 1* ¶ 1 (citing Procurement Code 13-1-183 NMSA 1978)). The face of the Complaint bears no mention of any Federal policy or offense. *See*

*generally id.* Further, where Plaintiff alleges harms he does so in the context of harms solely oriented towards New Mexico. *See, e.g., id.* ¶ 5 (arguing that selecting his bid "would have provided the . . . best value to the tax payers of New Mexico). As such, on its face, the Complaint fails to assert a federal question and this Court lacks jurisdiction to hear the matter.

The burden of proving that the Court possesses federal question jurisdiction rests upon the party invoking federal jurisdiction. *Sac & Fox Nation*, 193 F.3d at 1165. Plaintiff must "'establish[ ]either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). In response to Defendant's Motion, Plaintiff contends that a federal question exists because the contract at issue received federal funding and because a New Mexico regulation requires actions in accordance with federal law and regulations. *See doc. 8* ¶¶ 2-3. This is unpersuasive. Plaintiff's claim seeks review by this Court of the decision of a State agency reached based upon state law and regulations. *See doc. 1* ¶ 1; *see also id.* ¶¶ 2-8 (citing various New Mexico statutes and regulations). Even if the Court accepts Plaintiff's claims of the connection to federal funding and the reference to following federal rules as true, Plaintiff's claim would still

5

turn solely on whether a state actor followed state law.[2]  As a result, there is no federal question and the Court lacks jurisdiction.

## *Conclusion*

Plaintiff's claims fail to establish the jurisdiction of this Court both because of non-diversity and because a federal question is not presented by the Complaint.  As such, this case will be dismissed.  A final judgment shall issue along with this order.

Wherefore, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (*doc. 6*), is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

---

[2] Although Plaintiff's Complaint states that Defendant "is an agency of the United States of America," Plaintiff does not explain how this is the case and, regardless, does not claim that his suit arises out of any federal "statutory or constitutional provision[.]"  *See Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165-66 (10th Cir. 1999).